UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 01-1216 (RBW) |
| ) | |
| FEDERAL BUREAU OF ) | **FILED** |
| INVESTIGATION, ) | |
| ) | JUL 2 6 2002 |
| Defendant. ) | |
| ) | NANCY MAYER WHITTINGTON, CLERK |
| | U.S. DISTRICT COURT |

## **MEMORANDUM OPINION**

This matter comes before the Court upon a complaint filed by Judicial Watch, Inc., against the Federal Bureau of Investigation ("FBI") for its failure to comply with Judicial Watch's Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (2000), request "for documents relat[ed] to the Oklahoma City bombing and/or the trials of Timothy McVeigh and/or Terry Nichols." Complaint ("Compl.") ¶ 5. The FBI has now filed a motion to dismiss the complaint, asserting that this Court lacks subject matter jurisdiction because the plaintiff has failed to exhaust the administrative remedies prescribed by the FOIA. Defendant's Motion to Dismiss ("Def.'s Mot.") at 2. After an examination of the facts of this case and the applicable legal principles under the FOIA, this Court must conclude that it is without subject matter jurisdiction, and accordingly, this case must be dismissed.

1



I.      **Factual Background**

The plaintiff's FOIA request relates to the April 19, 1995, bombing of the Alfred P. Murrah Building in Oklahoma City, Oklahoma, that resulted in the convictions of Timothy McVeigh and Terry Nichols. Following McVeigh's and Nichols' convictions and during the course of archiving the documents generated in connection with the investigation into the Oklahoma City bombing, the defendant discovered materials that "included results of interviews, notes, and transmittal envelopes which contain physical items" that were not used in the prosecution of the defendants and had not been seen by the defendant's task force in connection with the investigation. Compl., Ex. 1 (Statement of Special Agent Defenbaugh). The Attorney General ordered that an investigation of this matter to be conducted by the Department of Justice's ("DOJ") Office of the Inspector General. Id. On May 16, 2001, the plaintiff filed via facsimile and by certified mail a FOIA request with the defendant's FOIA Officer for all documents relating to this newly discovered material. Compl. ¶ 5. At that time, the plaintiff requested expeditious handling of this request pursuant to 28 C.F.R. § 16.5(d)(ii) (2001). Compl. ¶ 6. On June 4, 2001, the plaintiff filed its Complaint requesting that this Court:

> (1) declare that Defendant's refusal to disclose the documents requested by Plaintiff is unlawful; (2) order Defendant to make the requested documents available to Plaintiff; (3) grant Plaintiff's request for a fee waiver; (4) award Plaintiff its costs and reasonable attorneys' fees in this action; and (5) grant such other and further relief as the Court may deem just and proper.

Id. at pp. 3-4. On June 26, 2001, the defendant responded to the FOIA request and informed the plaintiff that the search was being handled on an expedited basis, but that the relevant

2

information was currently being withheld pursuant to 5 U.S.C. § 552 (b)(7)(a) because of a pending DOJ investigation. Def.'s Mot., Ex. 1.

## II. Legal Standard for a Motion to Dismiss

Prior to deciding the merits of a case, a court must first determine whether it has the jurisdiction to entertain the case. As the Supreme Court stated in Ex Parte McCardle, 7 Wall. 506, 514 (1868),

> [w]ithout jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause. And this is not less clear upon authority than upon principle.

In response to a motion to dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a plaintiff has the burden of establishing jurisdiction by a preponderance of the evidence. Pitney Bowes, Inc. v. United States Postal Serv., 27 F. Supp. 2d 15, 19 (D.D.C. 1998) (citations omitted). In considering whether subject matter jurisdiction exists, "the district court must accept all of the complaint's well-pleaded factual allegations as true and draw all reasonable inferences from those allegations in the plaintiff's favor." Id.

## III. Analysis

There are two separate and distinct provisions of the FOIA implicated in this case: one that covers the plaintiff's actual request for the Oklahoma City bombing investigation documents, 5 U.S.C. § 552(a)(6)(A), and a second that addresses the plaintiff's request for an expedited processing of this request, 5 U.S.C. § 552(a)(6)(E). Upon the filing of an expedited processing request for documents under the FOIA, the government must comply with two

statutory response deadlines. First, an expedited processing request requires that the DOJ decide within ten calendar days of its receipt whether to grant or deny the expedited treatment request.[1] 5 U.S.C. § 552(a)(6)(E); 28 C.F.R. § 16.5(d)(4). Second, notwithstanding the expedited treatment request, the government must also determine and notify the requestor within twenty days (excluding weekends and legal holidays) of receipt of the request whether it will comply with the document request itself. 5 U.S.C. § 552(a)(6)(A).

It is well understood that a party must exhaust the available administrative remedies under the FOIA before it may seek relief in the federal courts. Oglesby v. United States Dep't of Army, 920 F.2d 57, 61-62 (D.C. Cir. 1990); Spannus v. United States Dep't of Justice, 824 F.2d 52, 58 (D.C. Cir. 1987); Dettmann v. United States Dep't of Justice, 802 F.2d 1472, 1476-77 (D.C. Cir. 1986). A premature filing of a FOIA claim that has not matured because a party has failed to exhaust mandatory administrative remedies prior to filing a complaint with a federal court "is subject to dismissal for lack of subject matter jurisdiction." Judicial Watch, Inc. v. United States Naval Observatory, 160 F. Supp. 2d 111, 112 (D.D.C. 2001). The rationale behind the exhaustion requirement is that it gives the agency "an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision." Oglesby, 920 F.2d at 61 (citing McKart v. United States, 395 U.S. 185, 194 (1969)). Moreover, it allows agency supervisors an opportunity to correct mistaken denials of meritorious requests, thereby

---

[1] 28 C.F.R. § 16.5(d) provides that the DOJ should grant expedited treatment in the following situations:
(i) Circumstances in which the lack of expedited treatment could reasonably be expected to pose an imminent threat to life or physical safety of an individual; (ii) An urgency to inform the public about an actual or alleged federal government activity, if made by a person primarily engaged in disseminating information; (iii) The loss of substantial due process rights; or (iv) A matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence.

obviating the need for judicial review by the courts. Id. The FOIA is considered a unique statute because it recognizes a constructive exhaustion doctrine for purposes of judicial review upon the expiration of certain relevant FOIA deadlines. Spannus, 824 F.2d at 58. 5 U.S.C. § 552(a)(6)(C) provides that "[a]ny person making a request to any agency for records under . . . this subsection shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph." Commenting on this provision of the FOIA, the District of Columbia Circuit stated that:

> [b]y 'deem[ing] exhaustion to occur on expiration of the relevant time limits, the statute provides for constructive exhaustion, which permits early 'accrual' of a cause of action in the interests of timely disclosure. Once constructive exhaustion occurs, any available administrative appeal -- i.e., actual exhaustion -- becomes permissive in the sense in which the term is used here; the requestor may pursue it, but his failure to do so does not bar a lawsuit.

Spannus, 824 F.2d at 58.

In the instant case, the plaintiff filed an expedited processing request for documents under the FOIA with the FBI on May 16, 2001. Compl. ¶ 5, Ex.1 at pp. 6-7. Upon receipt of this request, the FBI was required to make a determination regarding expedited processing and inform the plaintiff of its decision within ten calendar days. 5 U.S.C. § 552(a)(6)(E)(ii); 28 C.F.R. § 16.5(d)(4).[2] On June 4, 2001, twelve business days (excluding the weekends and legal holidays) after filing its FOIA expedited processing request for the Oklahoma City bombing

---

[2] While not disputing that the FBI failed to timely comply with this requirement, the defendant asserts that it "has since acted upon [the] request in an expeditious manner and provided the plaintiff with the appropriate notification as provided for by the statute." Def.'s Reply at 5. The defendant provided the Court with a copy of a letter, dated June 26, 2001, acknowledging receipt of the plaintiff's FOIA request. The defendant informed the plaintiff that its request was handled on an expedited basis, however, the material was withheld pursuant to 5 U.S.C. § 552(b)(7)(A) because of the DOJ's Office of Inspector General's inquiry into the facts surrounding the FBI's non-disclosure of this material.

investigation documents with the FBI, the plaintiff filed a complaint with this Court requesting relief that pertains solely to the actual release of the documents.[3] Although the plaintiff was entitled to seek judicial review of the FBI's failure to make a decision regarding the plaintiff's expedited processing request when the complaint was filed, the plaintiff's request for the actual documents was premature. 5 U.S.C. §§ 552(a)(6)(A), (a)(6)(E)(ii); 28 C.F.R. § 16.5(d)(4)

While the plaintiff alleges that as of June 4, 2001, it had a "right of access to the documents requested in its FOIA request," this Court finds that the only claim the plaintiff was entitled to file on June 4, 2001, was a request for judicial review of the FBI's failure to timely respond to the plaintiff's request for expedited processing.[4] 5 U.S.C. § 552(a)(6)(E)(iii) provides for direct judicial review of an agency's failure to timely respond to a request for expedited processing. 5 U.S.C. § 552(a)(6)(E)(iii) ("failure by an agency to respond in a timely manner to such a request [for expedited processing] shall be subject to judicial review . . ."). This Court finds § 552(a)(6)(E)(iii)'s provision for direct judicial review of expedited processing requests distinct from the constructive exhaustion provision contained in § 552(a)(6)(C)(i) regarding the actual production of the requested documents. Id.; 5 U.S.C. § 552(a)(6)(C)(i) ("[a]ny person making a request to any agency for records under . . . of this subsection shall be deemed to have

---

[3] As discussed above, the plaintiff's complaint specifically requested the following in the prayer for relief:
  (1) declare that Defendant's refusal to disclose the documents requested by Plaintiff is unlawful; (2) order Defendant to make the requested documents available to Plaintiff; (3) grant Plaintiff's request for a fee waiver; (4) award Plaintiff its costs and reasonable attorneys' fees in this action; and (5) grant such other and further relief as the Court may deem just and proper.
Compl. at pp. 3-4.

[4] The Court notes that the plaintiff was well aware of the applicable twenty business day time period in which the defendant had to respond to its FOIA request. The plaintiff's FOIA request itself specifically references that the defendant's response "should be within 20 working days as required under the Act . . ." Compl. Ex. 1 at p. 2.

exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph.").[5] This Court therefore agrees with the observation of a member of this court who, in <u>Naval Observatory</u>, concluded that the "defendant's earlier failure to timely respond to the request for expedited processing is not equivalent to constructive exhaustion of administrative remedies as to the request for documents." 160 F. Supp. 2d at 113; <u>see also</u> <u>Dettmann</u>, 802 F.2d at 1477 ("[i]t is likewise clear that a plaintiff may have exhausted administrative remedies with respect to one aspect of a FOIA request -- and thus properly seek judicial review regarding that request -- and yet not have exhausted her remedies with respect to another aspect of a FOIA request."). The court in <u>Naval Observatory</u> also concluded that

> [t]he statutory provision allowing for judicial review of a denial of a request for expedited processing, or failure to respond to such a request, in no way alters or repeals the time period for an agency's substantive determination of a request for records, which is 20 business days after receipt of such a request.

160 F. Supp. 2d at 113. Finally, the court in <u>Naval Observatory</u> noted that <u>Spannus</u> "recognized only 'two time limit provisions' that trigger constructive exhaustion . . .,": the agency's determination of whether to comply with the actual FOIA request itself and the agency's subsequent determination of an administrative appeal of a decision not to disclose the requested material. <u>Id.</u> at n.1 (citing <u>Spannus</u>, 824 F.2d at 58).

Here, the defendant aptly notes that the "plaintiff is attempting to bootstrap its disclosure request for records onto its administrative request for expedited processing - - with its 10-day

---

[5] The Court finds it noteworthy that the constructive exhaustion language of § 552(a)(6)(C)(i) only applies to the "applicable time limit of this paragraph." Therefore, Congress certainly did not envision that constructive exhaustion would apply to expedited processing requests made pursuant to § 522(a)(6)(E)(iii) because the time period set forth therein is not an "applicable time limit" contained in § 552(a)(6)(C)(i).

determination requirement . . ." Def.'s Reply at 3. It is clear that the only relief the plaintiff was entitled to upon filing its complaint was for judicial review pursuant to 5 U.S.C. § 552(a)(6)(E)(iii), which is limited to a challenge of defendant's failure to respond to the request for expedited processing, and not the court's review of whether it was entitled to production of the documents themselves. Since the plaintiff's complaint does not seek judicial review of the defendant's failure to timely respond to the expedited processing request, but instead seeks a court order for the release of the actual documents, this Court must conclude that the plaintiff's FOIA claim was filed prematurely, and therefore, must dismiss the plaintiff's complaint because it lacks subject matter jurisdiction.[6]

Although it appears that the defendant subsequently failed to timely respond to the plaintiff's substantive request for the documents within twenty business days, the Court will only consider those facts and circumstances that existed at the time of the filing of the complaint, and not subsequent events, in deciding whether this case must be dismissed. Judicial Watch, Inc. v. United States Dep't of Justice, No. 97-2089, slip op. at 11 (D.D.C. July 14, 1998) (citing Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 830 (1989) ("The existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed."). While another member of this court, when faced with a premature filing of a FOIA complaint, was

---

[6] Although a claim for judicial review of the defendant's failure to timely respond to the plaintiff's request for expedited review is not properly before this Court, the Court does note that Congress has mandated that "[a] district court of the United States shall not have jurisdiction to review an agency denial of expedited processing of a request for records after the agency has provided a complete response to the request." 5 U.S.C. § 552(a)(4)(E)(iv). While the defendant seemingly granted the plaintiff's expedited processing request after the ten-day expiration period and denied the request pursuant to 5 U.S.C. § 552 (b)(7)(A), whether the defendant's response could be considered a 'complete' response, because of its failure to notify the plaintiff of its right to appeal the adverse decision to the head of the agency under 5 U.S.C. § 552 (a)(6)(A)(i), does not need to be decided.

inclined to permit the plaintiff to file an amended complaint under Rule 15(d) of the Federal Rules of Civil Procedure that would allege that on the twentieth day following the FOIA request the plaintiff did not receive a response, this Court does not find such relief appropriate in this case.[7] The court in Judicial Watch, Inc. v. United States Dep't of Energy, permitted the plaintiff to file an amended complaint, and denied the defendants' motion to dismiss, but specifically distinguished the circumstances there from Naval Observatory by stating that "[n]or is [this] a case where the defendants (with two exceptions) provided *any* response at all or *any* documents during the first twenty days or even at any time closely proximate to the twenty-day period." 191 F. Supp. 2d 138, 139 (D.D.C. 2002) (allowing an amended complaint under circumstances in which three of the numerous defendant government agencies had failed to even respond to the plaintiff's request nearly ten months later). In the instant case, the defendant did in fact subsequently respond to the plaintiff's request, albeit eight business days late.[8] While the Court certainly frowns upon the defendant's untimely response and, as discussed above, does not have subject matter jurisdiction and therefore cannot provide plaintiff any relief regarding the actual release of such documents, the Court notes that the defendant's untimely response falls into the class of situations which the Judicial Watch, Inc. v. United States Dep't of Energy Court distinguished from the facts it was confronting, i.e., situations where a defendant responds "at [a] time closely proximate to the twenty-day period." Id. at 139. Finally, while this Court does not find that granting the plaintiff the opportunity to amend its complaint is appropriate in this case,

---

[7] Relief under Rule 15(d) has not been requested by the plaintiff.

[8] The Court calculates that the defendant was required to respond to the plaintiff's document request under the FOIA by June 14, 2001. However, it appears that the defendant responded eight business days late on June 26, 2001.

as the Court in <u>Spannus</u> observed, a plaintiff "can simply refile his FOIA request tomorrow and restart the process. In fact, so far as we can tell, nothing prevents him from requesting the same withheld documents decade after decade without ever bringing a timely suit to compel disclosure." 824 F.2d at 61.

Therefore, because this Court lacks subject matter jurisdiction to entertain the claim advanced in the complaint, the defendant's motion to dismiss must be granted.[9]

**SO ORDERED** this 26th day of July, 2002.

_____
REGGIE B. WALTON
United States District Judge

Copies to:

Janice Galli McLeod
Office of Information and Privacy
United States Department of Justice
Flag Building, Suite 570
Washington, D.C. 20530-0001

Larry Klayman, Esq.
Judicial Watch, Inc.
501 School Street, SW
Suite 725
Washington, D.C. 20024

---

[9] An Order consistent with the Court's ruling accompanies this Memorandum Opinion.